**UNITED STATES of America,
Petitioner,**

v.

**Bruce D. OTT, Respondent.**

**Misc. No. S–86–75 TJM.**

United States District Court,
E.D. California.

May 23, 1986.

Donald B. Ayer, U.S. Atty., David F. Levi, Asst. U.S. Atty., Sacramento, Cal., for petitioner.

Lieutenant Colonel William C. Jones, U.S. Air Force Judiciary, Defense Counsel, Captain G. David Miller, Jr., U.S. Air Force Judiciary, Asst. Defense Counsel, Captain Jordan S. Weitberg, U.S. Air Force Judiciary, Asst. Defense Counsel, Beale Air Force Base, Cal., for respondent.

## MEMORANDUM AND ORDER

MacBRIDE, District Judge.

This matter is before the court on petitioner's request for a judicial determination of the legality of certain electronic surveillances, and on respondent's motion to suppress.

I

Respondent Bruce D. Ott, an Airman First Class of the United States Air Force, is charged by the government with violating Articles 92 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934. The charges involve allegations that Ott unlawfully contacted representatives of a foreign government to offer to sell them classified information. The charges were referred for trial by general court-martial. A military trial on the charges convened at Beale Air Force Base in California on or about April 15, 1986.

On or about February 26, 1986, the government notified Ott, through his counsel, and the military judge assigned to preside over Ott's military trial, that it intended to enter into evidence in that trial certain information obtained from an electronic surveillance operation authorized under the Foreign Intelligence Surveillance Act of 1978 (FISA), 50 U.S.C. § 1801 *et seq.* The government's notification was in accordance with the requirements of FISA. *See* 50 U.S.C. § 1806(c).

As the military trial convened at Beale Air Force Base on April 15, 1986, Ott moved to suppress any evidence obtained from the electronic surveillance. Under FISA, such a motion may be made on the grounds that the information was unlawfully acquired, or that the surveillance was not made in conformity with an order of authorization or approval. 50 U.S.C. § 1806(e).

 The military judge presiding over the military trial referred consideration of Ott's motion to this court. Such a transfer of authority was appropriate in this case. This court has territorial jurisdiction over Beale Air Force Base, the site of the Ott

court-martial proceedings. Accordingly, this court has exclusive jurisdiction under section 106(f) of FISA to determine the legality of the electronic surveillance at issue in this case. 50 U.S.C. § 1806(f); *see United States v. Horton,* 17 M.J. 1131 (NMCMR 1984).

This court held a status conference on this matter on April 17, 1986, at 9:30 a.m. At that time, the court set a briefing schedule and established a tentative hearing date of May 21, 1986, at 9:30 a.m. On April 22, 1986, the government formally petitioned this court for a determination of the legality of the electronic surveillance at issue herein, and filed a memorandum of law in support of the surveillance's alleged legality. *See United States v. Belfield,* 692 F.2d 141, 146 (D.C.Cir.1982). Ott filed his response to the government's petition and renewed his motion to suppress, first made to the military tribunal, on May 7, 1986. At the court's suggestion, and by agreement of the parties, the tentative hearing date of May 21, 1986, was vacated on May 19, 1986. All parties agreed that the court was fully briefed and able to decide the matter on the basis of the briefs and the court's *in camera, ex parte* examination of certain relevant materials, discussed more fully below. The court is now prepared to rule.

## II

■ In determining the legality of a surveillance authorized under FISA, for purposes of deciding a motion to suppress, the court must,

if the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States, review in camera and ex parte the application, order, and such other materials relating to the surveillance as may be necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted.

50 U.S.C. § 1806(f). In this case the Attorney General filed an affidavit asserting that disclosure of information or an adversary hearing would harm national security.[1] Accordingly, on April 23, 1986, the court conducted an *ex parte, in camera* review of the application, order, and such other materials relating to the surveillance—including all logs incident to any overhears of Ott made during the surveillance—that were necessary to determine whether the surveillance was lawfully authorized and conducted.[2]

In the course of its review, the court evaluated whether there was actual compliance with minimization and other related procedures. In this endeavor, the court was aided by the legislative history to FISA, which provides:

In assessing the minimization effort, the court's role is to determine whether "on the whole, the agents have shown a high regard for the right of privacy and have done all they reasonably could to avoid unnecessary intrusion." Absent a charge that the minimization procedures have been completely disregarded, the test of compliance is "whether a good faith effort to minimize was attempted."

S.Rep.No. 604, 95th Cong., 2d Sess., *reprinted in* 1978 U.S. Code Cong. & Ad.

---

1. For purposes of FISA, the Attorney General is defined to include the Attorney General of the United States, the Acting Attorney General of the United States, and the Deputy Attorney General of the United States. 50 U.S.C. § 1801(g); *see* S.Rep.No. 604, 95th Cong., 2d Sess., *reprinted in* 1978 U.S. Code Cong. & Ad. News 3904, 3937–38. The affidavit in this case was filed by Acting Attorney General Arnold I. Burns.

2. Respondent urges the court to review "the entire history" of the surveillance, including "all logs and transcripts." Memorandum of Law in Support of Response to Government's Petition at 3. Respondent's suggestion is unwarranted because the court, in its discretion, has reviewed all logs and materials that it considered necessary to determine the lawfulness of the surveillance. Moreover, respondent has no standing to assert the illegality of surveillances of communications to which he was not a party. *In re Flanagan,* 533 F.Supp. 957, 959–60 (E.D.N.Y.), *rev'd on other grounds,* 691 F.2d 116 (2d Cir. 1982); *see* 50 U.S.C. § 1801(k); S.Rep.No. 604, 95th Cong., 2d Sess., *reprinted in* 1978 U.S. Code Cong. & Ad. News 3904, 3957.

News 3904, 3938 (citations omitted) (hereinafter cited as Legislative History).

The court is to determine the lawfulness of the surveillance. If the court determines that the surveillance was lawfully authorized and conducted, it shall deny the motion to suppress "except to the extent that due process requires discovery or disclosure" of some or all of the materials it examines. 50 U.S.C. § 1806(g). If the court determines that the surveillance was not lawfully authorized or conducted, it shall grant the motion to suppress. *Id.* In making its determination, the court "may disclose to the aggrieved person, under appropriate security procedures and protective orders, portions of the application, order, or other materials relating to the surveillance *only* where such disclosure is necessary to make an accurate determination of the legality of the surveillance." *Id.* at § 1806(f) (emphasis added); *see* Legislative History, *supra,* at 4060–61.

### III

In addition to suggesting procedures and providing guidance for the court's review of the relevant classified materials to determine the legality of the surveillance under FISA, Ott challenges the constitutionality of FISA itself. Section 106(f) of FISA, 50 U.S.C. § 1806(f), mandates that the court, "if the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States, [shall] review in camera and ex parte the application, order, and such other materials relating to the surveillance as may be necessary" to determine the lawfulness of the surveillance.

Ott argues that this section, by requiring the court to review the surveillance materials *ex parte* based exclusively on the Attorney General's affidavit, denies Ott his constitutional right to due process of law. *See* U.S. Const. amend. V. He also argues that by requiring the court to evaluate a large and complex volume of factual material without the benefit of the adversarial process, the section denies Ott his constitutional rights to assistance of counsel and to confront witnesses against him.[3] *See* U.S. Const. amend. VI.

In the sensitive area of foreign intelligence gathering, the need for extreme caution and sometimes even secrecy may not be overemphasized. After struggling with the constitutional complexities inherent in this area, Congress felt that it had fashioned in FISA a statute "by which the Executive Branch may conduct legitimate electronic surveillance for foreign intelligence purposes within the context of this Nation's commitment to privacy and individual rights." Legislative History, *supra,* at 3916. FISA was intended to strike "a sound balance between the need for such surveillance and the protection of civil liberties." *Id.* at 3910. Against this background the court has examined Ott's arguments and finds them unpersuasive, especially in light of existing case law that is fairly dispositive of the constitutional issues raised herein.

At least four previous judicial opinions have examined the constitutionality of FISA section 106(f); all have found that the section's provision for *ex parte, in camera* review does not violate the Constitution. *See United States v. Belfield,* 692 F.2d 141, 148–49 (D.C.Cir.1982); *United States v. Pelton,* No. HM85–0621, slip op. at 8–9 (D.Md. May 5, 1986); *United States v. Megahey,* 553 F.Supp. 1180, 1193–94 (E.D.N.Y.1982), *aff'd mem.,* 729 F.2d 1444 (2d Cir.1983); *United States v. Falvey,* 540 F.Supp. 1306, 1315–16 (E.D.N.Y.1982). As the District of Columbia Circuit pointed out in *Belfield,* "A claim that disclosure and an adversary hearing are constitutionally required goes directly contrary to all pre-FISA precedent on point.... [holding] that the legality of electronic, foreign intelligence surveillance may, even should, be determined on an *in camera, ex parte* basis." *United States v. Belfield,* 692 F.2d

---

3. Since no witnesses were called against Ott at any stage of the proceedings in this court, his allegation of a constitutional injury based upon the right of confrontation of witnesses is obviously without merit, and shall not be addressed further.

at 149; *accord United States v. Falvey*, 540 F.Supp. at 1315 ("Whatever appeal this argument may have, it ignores the massive body of pre-FISA case law of the Supreme Court, this Circuit and others, that the legality of electronic surveillance should be determined on an *in camera, ex parte* basis.").

▮ The court agrees completely with the constitutional analyses elucidated in the above cases. Moreover, in the instant case the court concludes as follows: (1) that the Attorney General's assertion that national security would be threatened by disclosure is supported by the facts; and (2) that there is no need for disclosure to protect the respondent's legitimate interests. Accordingly, the court rejects the argument that FISA section 106(f), 50 U.S.C. § 1806(f), is unconstitutional on its face or as applied in this case.

In addition to his constitutional arguments in favor of disclosure and an adversary hearing, Ott refers the court to *Alderman v. United States*, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), for the proposition that "any judicial proceeding that is very complex and involves large volumes of factual materials requires an adversarial hearing." Memorandum of Law in Support of Response to Government's Petition at 9–10. Not only does Ott misinterpret what the Supreme Court actually said in *Alderman, see Giordano v. United States*, 394 U.S. 310, 314, 89 S.Ct. 1163, 1165, 22 L.Ed.2d 297 (1969) (per curiam) (Stewart, J., concurring), but his argument disregards the clear import of FISA. "The language of section 1806(f) clearly anticipates that an *ex parte, in camera* determination is to be the rule. Disclosure and an adversary hearing are the exception, occurring *only* when necessary." *United States v. Belfield*, 692 F.2d at 147 (emphasis in original).

▮ While conducting its *ex parte* review of the relevant classified materials in this case, the court remained watchful for "indications of possible misrepresentation of fact, vague identification of the persons to be surveilled, or surveillance records

which include a significant amount of non-foreign intelligence information," Legislative History, *supra*, at 4033, *see Belfield*, 692 F.2d at 147, or any other factors that would indicate a need for disclosure. No such factors were present. Accordingly, the court concluded that disclosure was not necessary in this case.

## IV

▮ Having read and analyzed the parties' briefs and accompanying documents, and having reviewed *ex parte* and *in camera* certain relevant materials, the court hereby makes the following findings of fact and conclusions of law:

1. The President authorized the Attorney General to approve the application for electronic surveillance.

2. The application was made by a federal officer and approved by the Attorney General.

3. The application contained all statements and certifications required by FISA.

4. There was probable cause to believe that the target of the electronic surveillance was a foreign power or an agent of a foreign power.

5. There was probable cause to believe that the facilities or places at which the electronic surveillance was directed were being used, or were about to be used, by a foreign power or an agent of a foreign power.

6. The minimization procedures were properly drawn and employed.

7. The order by the United States Foreign Intelligence Surveillance Court (US-FISC) approving the application for electronic surveillance contained all statements required by FISA.

8. The government's application, under 50 U.S.C. § 1804, and the order by the USFISC, under 50 U.S.C. § 1805, conform fully to the requirements of FISA.

9. The Attorney General authorized the use of information obtained from the electronic surveillance in criminal proceedings against the respondent.

10. Disclosure to the respondent is not necessary to make an accurate determination of the legality of the surveillance.

11. The provisions of FISA establishing the procedures for reviewing the legality of a particular surveillance are constitutional on their face and as applied in this case.

12. The electronic surveillance at issue herein was lawfully authorized.

13. The electronic surveillance at issue herein was lawfully conducted.

14. Due process does not require discovery or disclosure to the respondent.

## CONCLUSION

Accordingly, good cause therefor having been established to the satisfaction of this court,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The government's request for a judicial determination of the legality of certain electronic surveillances is granted.

2. The electronic surveillances were lawfully authorized and conducted in accordance with the provisions of FISA.

3. Respondent Ott's motion to suppress is denied.

IT IS SO ORDERED.