**UNITED STATES of America,**
**Petitioner-Appellee,**

v.

**Bruce D. OTT, Respondent-Appellant.**

No. 86–2096.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 1987.

Decided Sept. 3, 1987.

David F. Levi, Sacramento, Cal., Mary C. Lawton, Lubomyr M. Jachnycky and Larry S. Greenberg, Dept. of Justice, Washington, D.C., on the brief, for petitioner-appellee.

William K. Altee, Jr., Lt. Col. USAF, Travis AFB, Cal., for respondent-appellant.

Before ANDERSON, NORRIS and KOZINSKI, Circuit Judges.

NORRIS, Circuit Judge:

Appellant Bruce Ott of the United States Air Force was subject to court-martial for allegedly offering to sell classified information to representatives of a foreign government in violation of the Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934. The government informed Ott that it intended to introduce certain evidence obtained from an electronic surveillance operation authorized pursuant to the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C. §§ 1801 et seq. The government furnished Ott with transcripts of those intercepted conversations to which Ott was a party (the "Ott conversations") but refused to furnish him with transcripts of the intercepted conversations to which Ott was not a party (the "non-party conversations"). Ott subsequently moved to suppress the surveillance evidence on the ground that it was obtained in violation of section 1806(e) of FISA.[1]

The military judge presiding over the court-martial transferred Ott's suppression motion to the district court.[2] Because the Attorney General filed an affidavit pursuant to section 1806(f) asserting that disclosure of information obtained during the surveillance would threaten national security interests, the district court conducted an *ex parte, in camera* review of the surveillance application, order, and other materials relating to the surveillance, including transcripts of all of the Ott conversations. The district court held that the surveillance evidence was not obtained in violation of FISA. The court also rejected Ott's claim that FISA's provision for *ex parte, in camera* review of the surveillance materials violated his fifth and sixth amendment rights. The court therefore denied Ott's motion to suppress. *See United States v. Ott*, 637 F.Supp. 62 (E.D.Cal.1986). Ott appeals.[3]

## I

Ott first contends that the district court had insufficient evidence before it to determine the legality of the government's surveillance activities. He suggests that without viewing the transcripts of all of the non-party conversations as well as Ott's conversations, the district court could not properly determine either (1) whether the surveillance was conducted for legitimate foreign intelligence purposes as required by section 1802(b) or (2) whether the surveillance was conducted in a manner designed to minimize the acquisition and retention of information unrelated to the purpose of the surveillance as required by section 1805(a)(4).

We disagree. First, we are satisfied after our own *in camera* review of the materials examined by the district court that the purpose of the surveillance, both as proposed and actually conducted, was to secure foreign intelligence information and not to aid in criminal investigations as Ott surmises. Second, the transcripts of Ott's

---

1. Section 1806(e) provides in pertinent part that:
   Any person against whom evidence obtained or derived from an electronic surveillance to which he is an aggrieved person is to be, or has been, introduced or otherwise used or disclosed in any trial, hearing, or other proceeding in and before any court, department, officer, agency, regulatory body, or other authority of the United States, a State, or a political subdivision thereof, may move to suppress the evidence obtained or derived from such electronic surveillance on the grounds that—
   (1) the information was unlawfully acquired; or
   (2) the surveillance was not made in conformity with an order of authorization or approval.

   An "aggrieved person" is "a person who is the target of an electronic surveillance or any other person whose communications or activities were subject to electronic surveillance." 50 U.S.C. § 1801(k). Because Ott's communications were subject to surveillance, he is an aggrieved person with standing to bring a motion to suppress pursuant to section 1806(e).

2. United States district courts have exclusive jurisdiction to entertain motions to suppress evidence obtained through FISA–authorized surveillance. 50 U.S.C. § 1806(f).

3. After the district court's ruling, the surveillance evidence was introduced in Ott's court-martial and Ott was convicted of attempting to sell classified information.

conversations reveal that the government did not violate its statutory duty to minimize acquisition and retention of irrelevant information with respect to Ott's conversations. It was not necessary for the district court to examine the non-party conversations in order to determine whether the government followed the required minimization procedures. While Ott enjoys standing to argue that the government violated FISA's minimization requirements, *see supra* note 1, he can argue only that his own statutory rights were violated. Ott has no statutory right that the government employ sufficient minimization procedures when intercepting the conversations of others because he has no privacy interest in these non-party conversations. *See* S.Rep. No. 604, 95th Cong., 2d Sess., *reprinted in* 1978 U.S. Code Cong. & Ad. News 3904, 3956 ("if monitoring agents choose to disregard the minimization standards and thereby acquire evidence of a crime against *an overheard party whose conversation properly should have been minimized,* that evidence would be acquired in violation of this chapter and would properly be suppressed") (emphasis added); *cf. United States v. Fury,* 554 F.2d 522, 526 (2d Cir.) (under analogous domestic wiretap statute, defendant cannot challenge introduction of his conversations on the ground that the government failed to minimize interception of the conversations of others because this alleged failure invades the privacy of others but not the defendant), *cert. denied,* 433 U.S. 910, 97 S.Ct. 2978, 53 L.Ed.2d 1095 (1977).

## II

■ Ott next argues that the district court failed to make specific findings of fact in accordance with Rule 23(c) of the Federal Rules of Criminal Procedure.[4] Even assuming *arguendo* that Rule 23(c) applies to suppression hearings, we con-

clude that, considering the highly sensitive nature of the challenged evidence and the FISA application and order, the district court made sufficiently specific findings to satisfy the Rule. *See* 637 F.Supp. at 66–67.

## III

■ Ott also contends that section 1806(f)'s requirement that the district court conduct an *ex parte, in camera* review of FISA materials upon request of the Attorney General operated in this particular case to deprive him of due process.[5] Ott notes that the Attorney General's affidavit requesting *in camera* review relied entirely on facts contained in the sealed affidavit of Assistant FBI Director James Geer, and Ott suggests that Geer's affidavit must be viewed with skepticism because Geer is responsible for intelligence investigations and might be embarrassed professionally by a finding that the surveillance in this case violated FISA. However, Ott cites no authority for his contention that the government's failure to disclose Geer's affidavit violated due process. We reject the suggestion that high-ranking officials charged with overseeing foreign intelligence operations are constitutionally disqualified from supporting surveillance applications merely because of their professional interest in such operations. And, while of course we must be mindful of possible biases when we assess the adequacy of the government's allegations, after viewing the FISA materials we agree with the district court that there are " 'no indications of possible misrepresentation of fact, vague identification of the persons to be surveilled, or surveillance records which include a significant amount of non-foreign intelligence information,' or any other factors that would indicate a need for disclosure" in this case. 637 F.Supp. at 66.

■ Ott next asserts that the *ex parte, in camera* proceeding violated due process

4. Fed.R.Crim.P. 23(c) provides that:
   **Trial Without a Jury.** In a case tried without a jury the court shall make a general finding and shall in addition, on request made before the general finding, find the facts specially. Such findings may be oral. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact appear therein.

5. The district court rejected Ott's argument that this requirement is facially unconstitutional. 637 F.Supp. at 65–66. Because Ott does not renew his facial challenge on appeal, we assume for purposes of resolving his constitutional challenge to section 1806(f) "as applied" that the requirement is constitutional on its face.

in this case because his various attorneys all had high security clearances and therefore disclosure to them of the FISA materials would not entail or risk dissemination of sensitive information to non-cleared personnel. This argument is also unpersuasive. Congress has a legitimate interest in authorizing the Attorney General to invoke procedures designed to ensure that sensitive security information is not unnecessarily disseminated to *anyone* not involved in the surveillance operation in question, whether or not she happens for unrelated reasons to enjoy security clearance. We reject the notion that a defendant's due process right to disclosure of FISA materials turns on the qualifications of his counsel.

■ Finally, we reject Ott's suggestion that the district court's failure to provide him the liberal discovery rights normally permitted in the military context violated due process. Ott fails to provide any support for his premise that he is constitutionally entitled in this district court proceeding to benefit from the more liberal discovery rights normally afforded defendants in military courts.

AFFIRMED.