**UNITED STATES of America**

v.

**Harold NICHOLSON, Defendant.**

**Criminal No. 96–448–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Feb. 14, 1997.

Helen F. Fahey, United States Attorney, Alexandria, VA, for Plaintiff.

Jonathan Shapiro, Alexandria, VA, Liam O'Grady, Finnegan, Henderson, Farabow, Garrett & Dunner P.C., Washington, DC, for Defendant.

### MEMORANDUM OPINION

CACHERIS, Chief Judge.

This matter comes before the Court on Defendant Harold J. Nicholson's ("Defendant's") Motion to Suppress All Evidence Derived from Searches or Seizures Conducted Pursuant to the Foreign Intelligence Surveillance Act ("Motion"). In this Motion, Defendant attacks the constitutionality of FISA in general and as applied in this case.[1]

---

1. Defendant has acknowledged that other courts have previously addressed all but one of Defen-

dant's present claims and unanimously upheld FISA as constitutional. Defendant indicates that

For the reasons set forth below, Defendant's Motion is DENIED.

## I.

The Defendant is charged with Espionage, Attempted Espionage, and Conspiracy to Commit Espionage, all in violation of 18 U.S.C. § 794. In the course of the investigation that led to Defendant's arrest and indictment, Defendant's home, office, car, safe deposit box, and personal effects were subject to electronic surveillance and physical searches conducted under the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801 *et seq.* ("FISA"). Defendant now asks this Court to suppress evidence derived from these searches. Additionally, although the schedule for argument of this issue and related discovery issues was set by unanimous agreement of the parties and the Court, Defendant now argues that this schedule "is an arbitrary and disabling restraint on the ability of Mr. Nicholson to present a full and fair defense." Def.Mot. at 28.[2]

## II.

In the twenty years since it was enacted, FISA has been upheld as constitutional by every court to address the issue.[3] Against this backdrop, Defendant asserts numerous grounds for suppression in this case, claiming that (1) electronic surveillance under FISA violates the Fourth Amendment's warrant

he has raised these points here to insure that they are preserved for appeal. *See, e.g.,* Def.Mot. at 9 n. 7.

2. Because the Government and defense counsel mutually agreed to the present schedule, the Court will not disturb the chosen dates now.

3. *See United States v. Cavanagh,* 807 F.2d 787, 790–92 (9th Cir.1987) (per then-Circuit Judge Kennedy) (rejecting argument that FISA violates the Fourth Amendment and Article III); *United States v. Duggan,* 743 F.2d 59 (2d Cir.1984) (rejecting challenges to FISA under the Fourth and Fifth Amendments and under the Equal Protection Clause of the Fourteenth Amendment); *United States v. Belfield,* 692 F.2d 141, 148 (D.C.Cir.1982) (rejecting argument that FISA violates Fifth and Sixth Amendments); *United States v. Spanjol,* 720 F.Supp. 55, 58 (E.D.Pa. 1989) (rejecting challenge to FISA under the Fourth Amendment); *United States v. Ott,* 637 F.Supp. 62 (E.D.Cal.1986), *aff'd,* 827 F.2d 473

requirement; (2) physical searches under FISA likewise violate the Fourth Amendment; and that FISA procedures violate (3) the Due Process and Equal Protection Clauses of the Fifth Amendment; (4) the Right to Counsel provided by the Sixth Amendment; (5) Article III of the United States Constitution; (6) the Political Question Doctrine; and (7) the doctrine of the Separation of Powers.

### A. FISA Satisfies the Requirements of the Fourth Amendment.

■ Numerous challenges to FISA have arisen under the Fourth Amendment, which protects the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures...." U.S. Const. amend. IV. Most notable among these cases is *United States v. Pelton,* 835 F.2d 1067, 1075 (4th Cir.1987), *cert. denied,* 486 U.S. 1010, 108 S.Ct. 1741, 100 L.Ed.2d 204 (1988), which constitutes binding precedent for this Court. In that case, the Fourth Circuit held that

> the provisions of FISA [are] "reasonable both in relation to the legitimate need of the Government for intelligence information and the protected rights of our citizens," ... and therefore compatible with the Fourth Amendment.

*Id.* (quoting *United States v. United States District Court,* 407 U.S. 297, 327, 92 S.Ct. 2125, 2141–42, 32 L.Ed.2d 752 (1972) ("*Keith*")).[4] In short, the Fourth Circuit

(9th Cir.1987) (rejecting challenge to FISA under the Due Process Clause); *In the Matter of Kevork,* 634 F.Supp. 1002 (C.D.Cal.1985) (rejecting challenges to FISA under the Fourth Amendment and Article III); *United States v. Falvey,* 540 F.Supp. 1306 (E.D.N.Y.1982) (rejecting challenges to FISA under the First, Fourth, Fifth, and Sixth Amendments); *see also Ellsberg v. Mitchell,* 709 F.2d 51, 66 n. 66 (D.C.Cir.1983) (noting that FISA had theretofore survived all constitutional challenges), *cert. denied, sub nom. Russo v. Mitchell,* 465 U.S. 1038, 104 S.Ct. 1316, 79 L.Ed.2d 712 (1984).

4. The Second Circuit similarly applied this reasonableness analysis in *United States v. Duggan:*

> A fortiori we reject defendants' argument that a FISA order may not be issued consistent with the requirements of the Fourth Amendment unless there is a showing of probable cause to believe the target has committed a crime.

ruled in *Pelton* that FISA, as it existed at that time, was wholly constitutional.[5]

On February 9, 1995, President Clinton signed Executive Order 12949, which expanded FISA to include physical searches. Since this change, no court has addressed the constitutionality of any FISA provision. Accordingly, although bound by *Pelton* and other precedent regarding electronic surveillance and the general procedural framework of FISA, this Court addresses the narrow issue of physical searches under FISA as a matter of first impression.[6]

Defendant relies heavily on Judge Leventhal's concurrence in *United States v. Ehrlichman*, 546 F.2d 910 (D.C.Cir.1976), *cert. denied*, 429 U.S. 1120, 97 S.Ct. 1155, 51 L.Ed.2d 570 (1977), for the proposition that physical searches are more invasive than electronic surveillance.[7] A similar argument was addressed thirty years ago by the Supreme Court in *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). In *Katz*, the Supreme Court held that "the reach of the [Fourth] Amendment can not turn upon the presence or absence of physical intrusion into any given enclosure," since the Amendment protects the privacy of persons, not places. 389 U.S. at 353, 88 S.Ct. at 512.[8] More recently, the Supreme Court has recognized explicitly that "[t]he Fourth Amendment does not prohibit per se a covert entry performed for the purpose of installing otherwise legal electronic bugging equipment." *Dalia v. United States*, 441 U.S. 238, 248, 99 S.Ct. 1682, 1689, 60 L.Ed.2d 177 (1979).[9] It is thus apparent that Fourth Amendment jurisprudence regards physical entry and electronic surveillance on an even plane, with each subject to the reasonableness requirement of the Fourth Amendment. *See Keith*, 407 U.S. at 321–24, 92 S.Ct. at 2138–40.

Defendant's argument that physical searches are per se more intrusive that electronic surveillance is unavailing in light of *Katz*. While physical search of a residence will expose one's personal effects to the government, it will seldom allow the government to invade the bodily privacy of the subject, and that of innocent visitors, in the way that extended video and aural surveillance can and often does.[10] Accordingly, the physical searches in question here are constitutionally indistinguishable from the FISA-authorized electronic surveillance unanimously upheld by federal courts.

---

743 F.2d at 73 n. 5. The First Circuit has also dismissed as "without merit" the argument that "the FISA provisions governing the surveillance of United States citizens contravene the Fourth Amendment's prohibition of warrantless searches." *United States v. Johnson*, 952 F.2d 565, 573 (1st Cir.1991), *cert. denied*, 506 U.S. 816, 113 S.Ct. 58, 121 L.Ed.2d 27 (1992).

5. In *United States v. Truong Dinh Hung*, 629 F.2d 908, 916–17 (4th Cir.1980), the Fourth Circuit ratified the existence of a "foreign intelligence exception" to the warrant requirement. While *Truong* was decided based on pre-FISA events, this Court holds in the alternative that Defendant's Fourth Amendment claims fail under *Truong* as well.

6. Defendant's argument on this point seems to conflate two issues: the higher Fourth Amendment standard generally applied to searches of a person's home and the allegedly more intrusive nature of physical as opposed to electronic searches. Since courts reviewing FISA-authorized electronic surveillance of a suspect's home unanimously have found such surveillance constitutional, this Court focuses on Defendant's claim that physical searches must be reviewed under a more stringent constitutional standard than that applied to electronic surveillance.

7. Aside from this dictum, Defendant cites no jurisprudential authority supporting the proposition that physical searches require a heightened standard of review. The Court is aware of no case that so holds.

8. *Katz* explicitly overruled *Olmstead v. United States*, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944 (1928), which had established the same talismanic formalism that Defendant now seeks to revive by crafting a per se rule regarding physical search. *See Katz*, 389 U.S. at 353, 88 S.Ct. at 512.

9. This type of entry clearly is contemplated by the procedures upheld in *Pelton*. *See* 50 U.S.C. §§ 1804(a)(8) and 1805(b)(1)(D); *see, e.g., Kevork*, 634 F.Supp. at 1005 (bugs placed within home of non-defendant); *Duggan* 743 F.2d at 66 (bug placed within home).

10. *See United States v. Koyomejian*, 946 F.2d 1450, 1459 (9th Cir.1992) (FISA-permissible video monitoring deemed "the most intrusive form of surveillance"); *United States v. Mesa–Rincon*, 911 F.2d 1433, 1437 (10th Cir.1990) (noting an example of the "vastly ... intrusive" nature of video surveillance).

B. FISA Violates neither the Due Process Clause of the Fifth Amendment nor the Right to Counsel Provided by the Sixth Amendment.

■ Defendant argues that the *ex parte in camera* review authorized by FISA violates rights protected by the Fifth and Sixth Amendments. Notably, Defendant has offered no case law to support this assertion, and this Court knows of no instance in which a court has required an adversary hearing or disclosure in determining the legality of a FISA surveillance. To the contrary, every court examining FISA-obtained evidence has conducted its review *in camera* and *ex parte*. *See In re Grand Jury Proceedings, Grand Jury No. 87–4,* 856 F.2d 685, 686 n. 3 (4th Cir.1988) ("So far, every FISA wiretap review has been *in camera* and *ex parte* ").[11] Based on the unanimous holdings of prior case law, this Court holds that FISA does not violate the Fifth or Sixth Amendments by authorizing *ex parte in camera* review. *See United States v. Belfield,* 692 F.2d 141 (D.C.Cir.1982) (FISA procedures do not violate the Sixth Amendment).

■ Defendant also asserts that the terms "agent of a foreign power" and "foreign intelligence information," as used in FISA, are impermissibly vague in violation of the Due Process Clause of Fifth Amendment. However, Defendant cites no case law that supports this conclusion. In *United States v. Duggan,* 743 F.2d 59, 71 (2d Cir.1984), the Second Circuit dismissed a similar challenge because "the government plainly had a basis under [FISA] for describing the information sought by surveillance of [the defendant] as foreign intelligence information." This Court makes a similar finding regarding the Defendant. Moreover, Defendant fails to aver, as required, that Defendant himself was some-

how harmed in this case by such alleged vagueness. *See Chapman v. United States,* 500 U.S. 453, 467, 111 S.Ct. 1919, 1928–29, 114 L.Ed.2d 524 (1951).

C. Surveillance in this Case did not Violate the Equal Protection Clause of the Fifth Amendment.

■ Defendant next argues that FISA is based on invidious distinctions between agents of foreign, as opposed to domestic, powers. As an initial matter, and as set forth above, this Court holds that FISA does not violate any fundamental constitutionally-protected rights of surveillance subjects. Accordingly, this Court subjects FISA to rationality review and again adopts the reasoning of the Second Circuit in *Duggan,* holding that disparate treatment of foreign and domestic groups

> is rationally related to the "Act's purposes of attempting to protect the United States against various types of acts of foreign powers and to acquire information necessary to the national defense or the conduct of foreign affairs."

743 F.2d at 75–76 (citation omitted). Accordingly, FISA does not violate the Equal Protection Clause.

D. Surveillance in this Case did not Violate Article III or the Doctrine of the Separation of Powers.

■ Next, Defendant submits that by asking Article III judges to adjudicate search requests, FISA violates Article III and the Separation of Powers doctrine. Every court that has addressed the issue has held that an Article III judge is properly "acting in his judicial capacity" when sitting on the FISA Court. *United States v. Johnson,* 1990 WL 78522, at *7 (D.Mass. Apr. 13, 1990), *aff'd,*

11. *See, e.g., United States v. Isa,* 923 F.2d 1300, 1306 (8th Cir.1991); *United States v. Hamide,* 914 F.2d 1147, 1152–53 (9th Cir.1990); *United States v. Posey,* 864 F.2d 1487, 1490–91 (9th Cir.1989); *United States v. Sarkissian,* 841 F.2d 959, 964 (9th Cir.1988); *United States v. Badia,* 827 F.2d 1458, 1463–64 (11th Cir.1987), *cert. denied,* 485 U.S. 937, 108 S.Ct. 1115, 99 L.Ed.2d 275 (1988); *Ott,* 827 F.2d 473 (9th Cir.1987); *Belfield,* 692 F.2d 141, 146–47 (D.C.Cir.1982); *United States v. Rahman,* 861 F.Supp. 247, 250–51 (S.D.N.Y.1994); *United States v. Thomson,*

752 F.Supp. 75, 79 (W.D.N.Y.1990); *United States v. Johnson,* 1990 WL 78522, at *1 (D.Mass. Apr. 13, 1990); *United States v. Spanjol,* 720 F.Supp. 55, 58–59 (E.D.Pa.1989); *United States v. Hawamda,* 1989 WL 235836, at *1 (E.D.Va. April 17, 1989); *Kevork,* 634 F.Supp. 1002; *United States v. Hovsepian,* 1985 WL 5970, at *2 (C.D.Cal. Jan. 28, 1985); *Falvey,* 540 F.Supp. 1306; *In re Flanagan,* 533 F.Supp. 957, 961 (E.D.N.Y.), *rev'd on other grounds,* 691 F.2d 116 (2d Cir.1982).

952 F.2d 565 (2d Cir.1991), *cert. denied,* 506 U.S. 816, 113 S.Ct. 58, 121 L.Ed.2d 27 (1992).[12] In *United States v. Cavanagh,* 807 F.2d 787, 791–92 (9th Cir.1987), then-Judge Kennedy upheld FISA against a similar challenge. This Court follows this unbroken line of established case law and holds that Defendant's challenge to FISA under Article III and the Separation of Powers doctrine is without merit.

**E. Surveillance in this Case did not Violate the Political Question Doctrine.**

■ Finally, Defendant claims that FISA procedures violate the Political Question Doctrine. Again, this Court follows the unanimous holdings of other federal courts and rules that this claim is without merit. *See Duggan,* 743 F.2d at 74; *Johnson,* 1990 WL 78522, at *6; *Hovsepian,* 1985 WL 5970, at *2.[13]

Accordingly, Defendant's Motion to Suppress is DENIED. An appropriate Order shall issue.

---

**12.** *See, e.g., United States v. Hovsepian,* 1985 WL 5970, *3 (C.D.Cal. Jan. 28, 1985); *United States v. Megahey,* 553 F.Supp. 1180, 1196–98 (E.D.N.Y.1982), *aff'd, sub nom. United States v. Duggan,* 743 F.2d 59 (2d Cir.1984).

**13.** In a footnote to his Motion, Defendant argues that FISA has an impermissible chilling effect on speech protected by the First Amendment. Def. Mot. at 24 n. 21. However, FISA explicitly pro-

vides that "no United States person may be considered a foreign power or agent of a foreign power solely upon the basis of activities protected by the first amendment to the Constitution of the United States...." 50 U.S.C. § 1805; *see ACLU v. Barr,* 952 F.2d 457, 464 n. 5 (9th Cir. 1991); *Falvey,* 540 F.Supp at 1314. For the reasons set forth in *Barr* and *Falvey,* FISA does not violate the First Amendment.