**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 2 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50339 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 8:14-cr-00173-CAS-1 |
| KEITH PRESTON GARTENLAUB, AKA Keith Preson Gartenlaub, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted December 4, 2017
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and PIERSOL,[**] District
Judge.

Keith Gartenlaub appeals his conviction for knowingly possessing child

pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Lawrence L. Piersol, United States District Judge for
the District of South Dakota, sitting by designation.

under 28 U.S.C. § 1291, and we affirm.[1]

1. There was sufficient evidence to sustain Gartenlaub's conviction for knowing possession of child pornography. Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime—including knowledge—beyond a reasonable doubt. The government presented sufficient evidence that Gartenlaub knew the child pornography was present on his computers. *See* 18 U.S.C. § 2252A(a)(5)(B) (requiring that the defendant must "knowingly possess[] . . . any . . . computer disk, or any other material that contains an image of child pornography that has been . . . transported using any means or facility of interstate or foreign commerce . . . including by computer").

The government demonstrated that an individual intentionally downloaded child pornography, copied it onto Gartenlaub's hard drives, and organized and reorganized the child pornography into folders reflecting the content of the videos. *See* 18 U.S.C. § 2252A(a)(5)(B). A rational jury could have concluded beyond a reasonable doubt that the user of the password-protected "Keith" account opened a folder containing obviously child-pornographic filenames and then copied those files onto a new computer, that "Keith" knowingly downloaded and organized the child pornography collection in the first place, and that "Keith" was Keith

---

[1] The government's motion to file an oversized brief, Dkt 51, is GRANTED.

Gartenlaub himself. *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc); *United States v. Willard*, 230 F.3d 1093, 1095 (9th Cir. 2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

2. The district court did not commit plain error by failing to suppress the evidence from Gartenlaub's computer as inadmissible for violating the Fourth Amendment.[2]

No controlling authority dictates the conclusion that the government's Foreign Intelligence Surveillance Act ("FISA") search and subsequent use of FISA-derived materials in a non-national security prosecution violates the Fourth Amendment, such that the district court's failure to follow it was plain error. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011), *as amended* (Nov. 16, 2011). Our decision in *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162 (9th Cir. 2010) (en banc), *abrogation recognized by Demaree v. Pederson*, 887 F.3d 870 (9th Cir. 2018) (per curiam), is inapposite; it did not decide the question presented by this case and, in fact, addressed no national security concerns particular to the FISA context.

The idea that the government can decide that someone is a foreign agent based on secret information; on that basis obtain computers containing "[t]he sum

---

[2] Plain error review is the appropriate standard because Gartenlaub did not assert the Fourth Amendment argument predicated on alleged misuse of the FISA warrant before the district court.

of [that] individual's private life," *Riley v. California*, 134 S. Ct. 2473, 2489 (2014); and then prosecute that individual for completely unrelated crimes discovered as a result of rummaging through that computer comes perilously close to the exact abuses against which the Fourth Amendment was designed to protect.[3] However, the district court did not commit plain error by concluding otherwise.

3. Based upon our independent review of the classified record evidence, we conclude that the FISA warrant was supported by probable cause. The FISA application and supporting materials demonstrated probable cause to believe that Gartenlaub was an agent of a foreign power when the FISA order was issued. *See* 50 U.S.C. §§ 1801(b), 1821(1), 1824(a)(2).[4] The district court did not err in denying Gartenlaub a *Franks* hearing. The district court did not err in "finding that the government did not intentionally or recklessly make false statements." *United States v. Christie*, 825 F.3d 1048, 1069 (9th Cir. 2016) (citation omitted); *see Franks v. Delaware*, 438 U.S. 154 (1978).

---

[3] We thank amici curiae, Electronic Frontier Foundation and American Civil Liberties Union, for their thought-provoking briefing.

[4] Although there is a split in the circuits as to what deference to afford a district court's determination that a FISA order was based on probable cause, we do not resolve here which level of deference is appropriate as we are convinced probable cause existed under either a de novo or an abuse of discretion standard of review. *See United States v. Turner*, 840 F.3d 336, 340 (7th Cir. 2016) (applying a de novo standard of review); *United States v. Hassan*, 742 F.3d 104, 139 n.29 (4th Cir. 2014) (noting that the Fourth Circuit applies a de novo standard although the Fifth and Second Circuits apply a more deferential standard).

4

4.  We have conducted an *in camera* review of the underlying FISA materials. We conclude that the disclosure of the FISA materials to Gartenlaub was not "necessary to make an accurate determination of the legality of the search." 50 U.S.C. § 1825(g); *see also United States v. Ott*, 827 F.2d 473, 476–77 (9th Cir. 1987) (finding "no indications of possible misrepresentation of fact, vague identification of the persons to be surveilled, or surveillance records which include a significant amount of non-foreign intelligence information, or any other factors that would indicate a need for disclosure" (internal quotation marks omitted)).  In point of fact, disclosure was not necessary even under a less rigorous standard than that proposed by the government.  As well, the non-disclosure violated neither Gartenlaub's due process nor *Brady* rights.  *See Brady v. Maryland*, 373 U.S. 83 (1963); *Ott*, 827 F.2d at 476–77.

**AFFIRMED.**