UNITED STATES of America,
Plaintiff–Appellee,

v.

John YANKOWSKI, Defendant–
Appellant.

No. 98–30237.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 1999.

Filed July 7, 1999.

G. Robert Blakey, Notre Dame, IN, for the defendant-appellant.

Kris A. McLean, Assistant United States Attorney, Missoula, Montana, for the plaintiff-appellee.

Before: LAY,[1] GOODWIN and McKEOWN, Circuit Judges.

GOODWIN, Circuit Judge:

John Yankowski appeals his conviction on the second count of a two count federal criminal indictment. Because the govern-

1. The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

ment failed to charge and prove an essential element of the second count, the district court erred in denying Yankowski's motion for acquittal at the close of evidence. We therefore vacate the judgment of conviction on Count II.

## FACTS

Yankowski is an anti-abortion activist who has engaged in a variety of protest activities at the Bridger Clinic, a reproductive health-care facility located in Bozeman, Montana. Yankowski was arrested in 1997 after police officers, who were responding to a report that the Clinic building was on fire, spotted him on the Clinic roof. After taking him into custody, the officers found Yankowski in possession of a variety of incendiary materials.

Yankowski was indicted by a federal grand jury on two counts related to this incident. Count I charged him with arson, a violation of 18 U.S.C. § 844(i); Count II charged him with the use of fire to commit a felony, a violation of 18 U.S.C. § 844(h)(1), and cited a Hobbs Act violation as the underlying felony.[2] In a pretrial motion, Yankowski argued that the two counts should be consolidated because the indictment charged two violations stemming from the same conduct. The court denied the motion noting that each of the charges required proof of an element not required by the other: Count I required proof of damage to a building, while Count II required proof of extortion.

The case proceeded to trial and at the close of evidence Yankowski made a motion for acquittal on Count II pursuant to Rule 29 of the Federal Rules of Criminal Procedure, arguing that the government had not proved extortion. The district court denied the motion and sent the case to the jury for consideration. Yankowski was found guilty on both counts, and was sentenced to 60 months on Count I and 120 months on Count II to run consecu-

tively, with an additional three years of supervised release on each count to run concurrently.

## STANDARD OF REVIEW

 The trial court's ruling on a Rule 29 motion for acquittal is reviewed de novo. *United States v. Tubiolo*, 134 F.3d 989, 991 (9th Cir.1998). The construction or interpretation of a statute is a question of law reviewed de novo. *United States v. Doe*, 136 F.3d 631, 634 (9th Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 1338, 143 L.Ed.2d 502 (1999).

## ANALYSIS

 Yankowski asserts that the district court erred in denying his Rule 29 motion for acquittal because the Hobbs Act required the government to charge and prove some connection between the alleged arson and a planned extortion or robbery. The government concedes that it neither charged nor proved such a connection, but argues that it did not need to do so because the Hobbs Act criminalizes any act of violence to person or property that has an effect on commerce, even if the alleged violent act had no connection to any executed or planned robbery or extortion. The government's position is untenable in light of the clear language of the Hobbs Act.

 The starting point for statutory interpretation is the actual language of the statute. *United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). "When a statute speaks with clarity to an issue, judicial inquiry into the statute's meaning, in all but the most extraordinary circumstances, is finished." *Hanlester Network v. Shalala*, 51 F.3d 1390, 1397 (9th Cir.1995) (internal alterations omitted) (quoting *Estate of Cowart v.*

---

**2.** Count II of the indictment charged Yankowski with "unlawfully and knowingly us[ing] fire to commit interference with commerce by threats or violence a felony prosecutable in

the Courts of the United States in violation of 18 U.S.C. § 1951, all in violation of 18 U.S.C. § 844(h)(1)."

*Nicklos Drilling Co.*, 505 U.S. 469, 475, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992)).

The Hobbs Act provides, in pertinent part:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires to do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). The Act goes on to provide definitions of commerce, extortion and robbery, but does not elaborate on the meaning of any other terms. *See* 18 U.S.C. § 1951(b),(c).

The district court read the statute to mean that if a person committed a violent act, in this case the arson, that had an effect on interstate commerce and was in furtherance of a plan to violate "the law," that person violated the Hobbs Act. As a result, the court left the jury free to find that an act of arson that impacted commerce was, in and of itself, a violation of both the statute denouncing arson and the statute denouncing violent extortion.[3] However, the statutory language clearly requires that the violent act pertain to a violation of *this section*, not merely to a violation of "the law" generally.

The government argues, in an attempt to preserve the conviction on Count II, that after proving an impact on commerce, it had three options to prove that Yankowski violated the Hobbs Act: (1) extortion; (2) robbery; (3) commission or threat of a violent act to person or property, with or without any connection to robbery or extortion. The government charged Yankowski under this third theory, alleging that he used fire to commit a violent act against the Clinic and that the Clinic's business affected interstate commerce. The government concedes that it did not charge or prove that the arson had any connection to a scheme to extort or rob the clinic.[4]

■ The government's third theory is fatally flawed. The statutory language is clear: A person may violate the Hobbs Act by committing or threatening a violent act against person or property, but only if it is in furtherance of a plan to interfere with commerce *by extortion or robbery*.[5] *See United States v. Kennedy*, 133 F.3d 53, 57 (D.C.Cir.1998) ("The Hobbs Act thus prohibits interference with interstate commerce through either robbery or extortion.")

The government asserts that judicial construction of the Hobbs Act has always

3. Although Yankowski argues that the district court's interpretation of the Hobbs Act would not pass the *Blockburger* test, and would therefore raise Double Jeopardy issues, we need not address this argument because we resolve this case on the basis of statutory interpretation. *See, e.g., Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

4. There is some authority suggesting that similar acts of civil disobedience by abortion protesters could be characterized as extortion. *See, e.g., United States v. Arena*, 918 F.Supp. 561, 567–71 (N.D.N.Y.1996). However, the government did not charge and does not argue here that the act of arson committed by Yankowski had any connection to a plan to extort money or property. We do not reach in this case the viability of interpretations of

coerced behavior as the functional equivalent of extortion.

5. Our interpretation is supported by the more explicit language of the Anti–Racketeering Act of 1934, the predecessor to the Hobbs Act. Summarized briefly, Section 2 of the Act provided: Any person who, in connection with or in any degree affecting trade or commerce (a) commits or attempts extortion of money, or (b) obtains property through extortion, or (c) "commits or threatens to commit an act of physical violence or physical injury to a person or property in furtherance of a plan or purpose to violate sections (a) or (b)," or (d) conspires with respect to (a), (b) or (c) ... shall be imprisoned or fined. *See United States v. Culbert*, 435 U.S. 371, 375 n. 5, 98 S.Ct. 1112, 55 L.Ed.2d 349 (1978).

been broad, and that this court should apply a broad construction of the Act in this case. However, the government fails to distinguish between the broad construction of terms that are open to interpretation, which was approved by the Supreme Court in *United States v. Culbert*, 435 U.S. 371, 373, 98 S.Ct. 1112, 55 L.Ed.2d 349 (1978), and the rejection of the express provisions of the statute, which this court is not free to employ.

■ Finally, the government seizes on one remark from the Supreme Court in support of its contention that an act of physical violence that has an effect on commerce, without more, is sufficient to violate the Hobbs Act. In *United States v. Stirone*, a case addressing the nexus to commerce required by the Hobbs Act, the Court summarized the Hobbs Act by stating: "That Act speaks in broad language, manifesting a purpose to use all the constitutional power Congress has to punish interference with interstate commerce by extortion, robbery or physical violence. The Act outlaws such interference 'in any way or degree.'" 361 U.S. 212, 215, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960) (quoting the Hobbs Act). The government's contention that this single statement by the Supreme Court, taken out of context, should be used by this court to reject the clear and express provisions of the Hobbs Act is without merit.

### CONCLUSION

The language of the Hobbs Act required the government to charge and prove some connection between the alleged arson and a plan to extort or rob the Clinic. The district court erred when it denied Yankowski's motion to acquit on Count II of the indictment because he raised properly the government's failure to tie the vandalism to an extortionate purpose.

The judgment of conviction on Count II is VACATED.