UNITED STATES of America,
Plaintiff–Appellee,

v.

Dorothy Marie WILLARD,
Defendant–Appellant.

No. 99–10534.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2000[1]

Filed Oct. 25, 2000

---

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Barry F. Nix, Fresno, California, for the defendant-appellant.

Dawrence W. Rice, Jr., Assistant United States Attorney, Fresno, California, for the plaintiff-appellee.

Before: ALDISERT,[2] GRABER, and FISHER, Circuit Judges.

GRABER, Circuit Judge:

The main question that we must answer in this appeal is whether a mother is in a "position of public or private trust" within the meaning of United States Sentencing Guideline ("U.S.S.G.") § 3B1.3, which provides an upward adjustment for abuse of a position of trust in the commission of a crime. We conclude that the answer is "no." Consequently, we vacate Defendant Dorothy Willard's sentence and remand the case to the trial court for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 1999, a federal jury convicted Defendant's husband, Clifford Willard, of taking their daughter from one state to another for the purpose of sexually abusing her. It was Mr. Willard's second criminal conviction arising from his ongoing sexual molestation of his and Defendant's daughter. Their daughter testified against her father at the second trial.

In October 1998, before Mr. Willard's trial, Defendant attempted to convince the daughter not to testify against her father. While driving home from dinner with her then 18–year–old daughter and the daugh-

---

2. The Honorable Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

ter's husband, Defendant told the daughter that she did not want her to testify and that God would not like it if she testified. Defendant also told the daughter that Defendant would have her prosecuted for perjury if she testified against her father. The daughter reported her mother's conduct to an FBI agent.

Defendant's efforts to discourage her daughter from testifying against Mr. Willard resulted in her indictment in the present case for attempting to intimidate a witness. At trial, the daughter and her husband testified that Defendant had instructed the daughter not to testify against her father. A jury convicted Defendant of the charged offense.

The district court sentenced Defendant to 87 months' imprisonment and 36 months' supervised release. In imposing sentence, the court adopted the recommendations of the probation officer and adjusted Defendant's base offense level upward, holding that Defendant abused a position of trust under U.S.S.G. § 3B1.3 when she attempted to convince her daughter not to testify against Mr. Willard.

Defendant filed a timely appeal. She makes three arguments: (1) that there was not sufficient evidence to sustain her conviction, (2) that the trial court erred in adjusting her offense level for abuse of a position of trust, and (3) that her 87–month sentence is disproportionate to the offense and thereby violates the Eighth Amendment.

## STANDARDS OF REVIEW

■ We review de novo the district court's interpretation and application of the sentencing guidelines. *United States v. Zuniga,* 66 F.3d 225, 227 (9th Cir.1995). We review the sufficiency of the evidence supporting a conviction by examining whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

## SUFFICIENCY OF THE EVIDENCE

■ Defendant first claims that insufficient evidence supported her conviction under 18 U.S.C. § 1512. We disagree.

■ To establish a violation of that statute, the government must prove that the defendant "knowingly use[d] intimidation or physical force, threaten[ed], or corruptly persuad[ed] another person, or attempt[ed] to do so, or engage[d] in misleading conduct toward another person, with intent to influence, delay, or prevent the testimony of any other person in an official proceeding." 18 U.S.C. § 1512(b)(1). It is not necessary to show that the defendant actually obstructed justice or prevented a witness from testifying. *United States v. Murray,* 751 F.2d 1528, 1534 (9th Cir.1985). The statutory focus is on the defendant's endeavor. *Id.*

The evidence in the record is sufficient to sustain Defendant's conviction. Both Defendant's daughter and her daughter's husband testified that Defendant tried to persuade the daughter not to testify at Mr. Willard's federal trial. Moreover, their testimony established that Defendant threatened her daughter with criminal prosecution and dire spiritual consequences if she testified. That evidence was enough to allow a rational trier of fact to find the essential elements of the witness-intimidation statute. We therefore affirm Defendant's conviction.

## ABUSE OF A POSITION OF TRUST

■ We next address whether the trial court erred in adjusting Defendant's offense level upward by two levels under U.S.S.G. § 3B1.3. The trial court found that Defendant and her daughter had an ongoing relationship that involved a level of trust and that Defendant abused her position of trust when she attempted to convince her daughter not to testify.

■ "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the

Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States,* 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993); *see also United States v. Hernandez–Sandoval,* 211 F.3d 1115, 1117 n. 3 (9th Cir.2000) ("[A]pplication notes are binding on the courts in their construction of the Sentencing Guidelines."). Section 3B1.3 provides for an upward adjustment in a defendant's base offense level "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." The text of the guideline alone suggests that a mother could hold a "position" of "private trust" over her daughter. These relationships are "private" and, in some situations, mothers are "entrusted" with the care of their children and can be punished for breaching that trust (e.g., failure to feed one's minor child).

The application notes to the guideline, however, define a "position" of "trust" more narrowly to include only business or professional positions:

"Public or private trust" refers to a position of public or private trust characterized by professional or managerial discretion (*i.e.* substantial discretionary judgment that is ordinarily given considerable deference). Persons holding such positions ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily nondiscretionary in nature.... This adjustment, for example, applies in the case of an embezzlement of a client's funds by an attorney serving as guardian, a bank executive's fraudulent loan scheme, or the criminal sexual abuse of a patient by a physician under the guise of an examination. This adjustment does not apply in the case of an embezzlement or theft by an ordinary bank teller or hotel clerk because such positions are not characterized by the above-described factors.

U.S.S.G. § 3B1.3, cmt. n.1 (1998). The commentary thus describes the relevant positions as ones involving "professional or managerial discretion," contrasts positions of trust with the positions of "employees," and gives examples of business positions only. The text of the commentary thereby forecloses application of § 3B1.3 to purely familial relationships. Unless the commentary violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, § 3B1.3, the commentary is authoritative and binding. *Stinson,* 508 U.S. at 38, 113 S.Ct. 1913.

There is nothing to suggest that the commentary violates the Constitution or a federal statute. The only question is whether it is inconsistent with, or is a plainly erroneous reading of, the guideline. Limiting the categories of positions of trust to those of professionals and managers is perfectly consistent with the guideline. The commentary simply defines the world of positions of trust to be smaller than the potential universe of such positions encompassed by the text of the guideline alone. Although the commentary's reading of the guideline is limiting, we cannot go as far as to say that it is clearly erroneous. *See United States v. Maldonado,* 215 F.3d 1046, 1050 (9th Cir. 2000) (defining "clearly erroneous" standard).

Our conclusion today is consistent with the Third Circuit's interpretation of this guideline. Before a 1993 amendment, U.S.S.G. § 3B1.3 application note 1 provided: "The position of trust must have contributed in some substantial way to facilitating the crime and not merely have provided an opportunity that could as easily have been afforded to other persons. This adjustment, for example, would not apply to an embezzlement by an ordinary bank teller." U.S.S.G. § 3B1.3, cmt. n.1 (1992); *see also* U.S.S.G. app. C, amend. 492 (1997). However, after the 1993 amendment to the application note, the one other court of appeals to consider whether U.S.S.G. § 3B1.3 applies to familial positions of trust decided, as we do, that it does not. In *United States v.*

*Monaco,* 23 F.3d 793, 800 (3d Cir.1994), the Third Circuit concluded that the 1993 amended commentary to U.S.S.G. § 3B1.3 restricts the applicability of the guideline to business positions:

> The application notes to the 1988 version of U.S.S.G. § 3B1.3 are not entirely clear, but their overall tenor appears to encompass the relationship of employer and employee, not parent and child. Any doubt is resolved by reference to the 1993 application notes, which define a position of public or private trust as involving "professional or managerial discretion." ... No mention is made at all of nonbusiness positions of trust.

(Footnote omitted.)

The other courts of appeals that have reached different conclusions than we have either construed the older version of the application note, *see, e.g., United States v. Johns,* 15 F.3d 740, 744 (8th Cir.1994) (abuse of trust in role as stepfather and spiritual advisor permits § 3B1.3 adjustment), and *United States v. Ledesma,* 979 F.2d 816, 822 (11th Cir.1992) (use of parental influence to involve daughter in crime qualifies as § 3B1.3 abuse of position of trust), or the application of § 3B1.3 to a familial position was not challenged by the appellant, *see, e.g., United States v. Ellis,* 935 F.2d 385, 395 n. 9 (1st Cir.1991) (abuse of position of trust as stepfather), and *United States v. Morin,* 935 F.2d 143, 144 (8th Cir.1991) (abuse of position of trust as uncle).

 Because the role of "mother" is a nonbusiness, purely familial position, § 3B1.3 does not authorize an offense level adjustment for an abuse of trust in the mother-daughter relationship, without more.[3] We therefore hold that the trial court erred in making the adjustment in this case.

### EIGHTH AMENDMENT

Finally, Defendant argues that her 87–month sentence violates the Eighth

Amendment's prohibition of cruel and unusual punishment. Because we vacate Defendant's sentence and remand for resentencing, we need not and do not reach that argument.

Judgment of conviction AFFIRMED; sentence VACATED and REMANDED for resentencing.

---

**3.** In the procedural posture of this case, we need not and do not decide whether the abuse of a trusting familial relationship can support an upward departure under some other section of the Sentencing Guidelines.