**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Allysha L. HAMBER, Defendant—**
**Appellant.**

No. 00–10244.

D.C. No. CR–99–277–DAE.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided March 26, 2001.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WALLACE, SILVERMAN and W. FLETCHER, Circuit Judges.

### MEMORANDUM [2]

Allysha L. Hamber appeals her sentence imposed after her conviction for assault in violation of 18 U.S.C. § 113(a)(6). She contends that the district court erred by making upward adjustments for abuse of a position of trust and physical restraint, refusing to make a downward adjustment for acceptance of responsibility, and refusing to depart downward for aberrant behavior. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

▬ The district court made a two-level upward adjustment under U.S.S.G. § 3B1.3 for abuse of a position of trust because Hamber assaulted her nine-year-old son. This adjustment is foreclosed by *United States v. Willard*, 230 F.3d 1093, 1097 (9th Cir.2000), decided after Hamber was sentenced, which held that § 3B1.3 does not authorize an adjustment for an abuse of trust by a parent. Nonetheless, the district court stated that if it had not made the adjustment for abuse of a position of trust, then it would instead have made a two-level upward adjustment for vulnerable victim under U.S.S.G. § 3A1.1. A vulnerable victim adjustment would have been proper. *United States v. Wetchie*, 207 F.3d 632, 635 (9th Cir.), *cert. denied*, 531 U.S. 854, 121 S.Ct. 134, 148 L.Ed.2d 87 (2000). Accordingly, the error in making the adjustment under § 3B1.3 was harmless. *United States v. Davoudi*, 172 F.3d 1130, 1135 n. 2 (9th Cir.1999).

▬ Hamber contends that the district court erred by making a two-level upward adjustment under U.S.S.G. § 3A1.3 for physical restraint of the victim based on the finding that she held her son down in a bathtub of hot water. There was no clear

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

error in the district court's fact finding. *United States v. Vought,* 69 F.3d 1498, 1502 (9th Cir.1995). Hamber argues that the district court based its finding on unreliable statements by the victim and his younger brother and on the testimony of a doctor who was contradicted by another doctor. The physical evidence of the boy's burns and the testimony of Dr. Noel supported the district court's finding, and so we affirm the upward adjustment under U.S.S.G. § 3A1.3. We also affirm the district court's rulings regarding acceptance of responsibility and aberrant behavior because Hamber's contentions regarding these rulings are premised upon reversal of the adjustment for physical restraint.

AFFIRMED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.