**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Tyrone TAKES THE KNIFE, Defendant—Appellant.**

No. 01–30299.

D.C. No. CR–00–00080–JDS.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2002.*

Decided June 6, 2002.

Before BRUNETTI, TROTT, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Tyrone Takes the Knife ("Takes the Knife") appeals his conviction for witness tampering and the district court's refusal to depart downward from the recom-

mended sentencing range. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and we affirm.

A grand jury returned a twenty-six count superseding indictment charging Tyrone Takes the Knife ("Takes the Knife") with two counts of aggravated sexual abuse under 18 U.S.C. § 2241(a) and twenty-four counts of witness tampering under 18 U.S.C. § 1512(b). At the close of the government's case-in-chief, Takes the Knife moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29. Takes the Knife failed to renew this motion at the close of trial. The jury convicted Takes the Knife of one count of witness tampering. He was sentenced to 63 months.

### Conviction for Witness Tampering

"This court may review an unrenewed motion for judgment of acquittal, but only to prevent a manifest miscarriage of justice, or for plain error." *United States v. Alvarez–Valenzuela*, 231 F.3d 1198, 1200–01 (9th Cir.2000). Even where a defendant makes all the proper motions at trial, "we must affirm if any rational trier of fact could have found the evidence sufficient." *United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1010 (9th Cir.1995). The government establishes a violation of the witness tampering statute by demonstrating that a person "corruptly persuades another person, or attempts to do so ... with intent to hinder, delay, or prevent the communication to a law enforcement officer ... of information relating to the commission or possible commission of a Federal offense." 18 U.S.C. § 1512(b)(3) (2000). A defendant need not actually prevent a witness from testifying; "the statutory focus is on the defendant's endeavor." *Unit-*

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*ed States v. Willard,* 230 F.3d 1093, 1095 (9th Cir.2000).

 Takes the Knife was convicted of witness tampering. The letter on which Takes the Knife's conviction was based contained the following language:

> i've talked to my lawyer he told me that if you write a statement to the attorney ... they will try to scare you but just write the statement.... If you do this before my court date has been set noting will happen but you have to hurry ok? ... after they read it they will drop all chargers ... all you have to say is that you were made when you gave them the statement, that's all and say it never happened the way you said it to be. well you were mad, just explain why you were made that's all you have to do.[1]

From this letter, a rational jury could have believed that Takes the Knife attempted to corruptly persuade the woman who accused him of sexual abuse to recant her story. Accordingly, Takes the Knife fails to demonstrate any manifest injustice and demonstrates no basis for disturbing his conviction.

Downward Departure Under U.S.S.G. § 5K2.10

 Takes the Knife asked the district court to exercise its discretion to depart downward from the recommended sentencing range based on victim provocation. *See* U.S.S.G. § 5K2.10. The court refused. Under these circumstances, we cannot review the district court's refusal to depart downward. *United States v. Eyler,* 67 F.3d 1386, 1390 n. 5 (9th Cir.1995).

AFFIRMED.

---

1. The grammatical, punctuation, and spelling errors are the defendant's.

