**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Dorothy Marie WILLARD,
Defendant—Appellant.**

No. 01–10484.

D.C. No. CR–98–05441–MDC.

United States Court of Appeals,
Ninth Circuit.

Submitted May 30, 2002.*

Decided June 20, 2002.

■

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before CHOY, FERGUSON and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Dorothy Marie Willard ("Willard") appeals her sentence of 71 months imprisonment for attempting to intimidate a witness, in violation of 18 U.S.C. § 1512(b)(1). Willard attempted to dissuade her daughter Hannah from testifying against Willard's husband and Hannah's father, Clifford Willard ("Clifford"), who had sexually molested Hannah since she was five years old and had served time in California for the molestation. Clifford faced a federal trial on charges that he transported Hannah over state lines to sexually assault her.

Upon Willard's first appeal after her conviction by a jury, we vacated her sentence and remanded for re-sentencing. *United States v. Willard,* 230 F.3d 1093, 1095 (9th Cir.2000). Willard now claims the sentence imposed on remand is cruel and unusual punishment in violation of the Eighth Amendment.

"A punishment within legislatively mandated guidelines is presumptively valid. Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds." *United States v. Mejia–Mesa,* 153 F.3d 925, 930 (9th Cir.1998) (citations and quotations omitted). "[A] sentence within the limits set by a valid statute must be so grossly out of proportion to the severity of the crime as to shock our sense of justice." *United States v. Estrada–Plata,* 57 F.3d 757, 762 (9th Cir.1995) (modifications omitted).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Willard's sentence of 71 months is far below the statutory maximum of 120 months. Willard presents no reason why 71 months is grossly disproportionate to the crime of intimidating a witness, or why her sentence shocks the conscience. Because there is no inference of gross disproportionality, we do not analyze the other factors relevant to an Eighth Amendment claim. *See Harmelin v. Michigan*, 501 U.S. 957, 1005, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring) ("intrajurisdictional and interjurisdictional analyses are appropriate only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality").

AFFIRMED.