**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jaime ZAMORANO–LEYVA,
Defendant–Appellant.**

**No. 05–10412.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Feb. 2, 2007.

Celeste C. Corlett, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Jack L. Lansdale, Jr., Esq., Law Offices of Jack L. Lansdale, Jr., Tucson, AZ, for Defendant–Appellant.

Before: TASHIMA and McKEOWN, Circuit Judges, and EZRA *, District Judge.

## MEMORANDUM **

Jaime Zamorano–Leyva ("Defendant") appeals from his four-day jury trial conviction and sentence for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(vii), challenging the sufficiency of the evidence to support his conviction, and the District Court's denial of his motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Reviewing the sufficiency of the evidence in the light most favorable to the prosecution, *United States v. Willard*, 230 F.3d 1093, 1095 (9th Cir.2000), we affirm Defendant's sentence and conviction.

Defendant argues that the Government produced insufficient evidence that he had knowledge, intent, or awareness of the presence of 1,431 kilograms of marijuana in the tractor-trailer he was driving. The district judge's denial of Defendant's Rule 29 motion is reviewed *de novo*, *United*

---

* The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*States v. Tubiolo,* 134 F.3d 989, 991 (9th Cir.1998), and the sufficiency of the evidence is to be considered in the light most favorable to the prosecution. *See United States v. Alvarez–Valenzuela,* 231 F.3d 1198, 1201 (9th Cir.2000) ("all reasonable inferences are to be drawn in favor of the government, and any conflicts in the evidence are to be resolved in favor of the jury's verdict"). Defendant states that the Government produced insufficient evidence that he had knowledge, intent, or awareness of the presence of marijuana in the tractor-trailer that Defendant was driving.

To find a defendant guilty of possession with intent to distribute marijuana, three elements must be established: that the defendant (1) knowingly; (2) possessed marijuana; (3) with intent to distribute it. *See* 21 U.S.C. § 841(a)(1); *United States v. Mora,* 876 F.2d 76, 77 (9th Cir.1989). Circumstantial evidence is not "inherently less probative than direct evidence." *United States v. Perez,* 491 F.2d 167, 171 (9th Cir.1974).

Defendant asserts that there was insufficient evidence that Defendant had knowledge of the marijuana's presence in the tractor-trailer because he testified that when he inspected the trailer, he only saw pallets and he did not detect any smell of marijuana. Defendant contends that he was not trained in drug detection and that he had not smelled burnt marijuana in decades since he was a young man. Notwithstanding, as the driver and sole occupant of the marijuana-loaded tractor-trailer, Defendant had sole dominion and control over the large quantity of drugs that had an estimated value of $1.25 million, thus constituting circumstantial evidence to establish Defendant's knowledge. *See United States v. Diaz–Cardenas,* 351 F.3d 404, 407 (9th Cir.2003) ("A jury can infer knowledge when an individual is the driver and sole occupant of the vehicle. A jury can also infer knowledge from possession of a large quantity of drugs.") (citations omitted).

In addition, the Government argues that it offered additional evidence of guilt at trial. Defendant made numerous conflicting and unbelievable stories first to the agents and then at trial. Not only did Defendant testify that he accepted the transport job from a man that he did not know, but he also admitted that he did not have any contact information for any of the other parties involved. Despite having 20 years of experience as a truck driver, Defendant only checked the outside of the vehicle and claimed that he had not inspected the load or what may have been contained in the trailer before his departure.

Defendant argues that mere presence in a place where drugs are found, such as a truck or dwelling, is insufficient to sustain a conviction for possession with intent to distribute. *See e.g., United States v. Vasquez–Chan,* 978 F.2d 546, 550 (9th Cir. 1992) (holding that a housekeeper's "mere proximity to the drug, her presence on the property where it is located, and her association with the person who controls it are insufficient to support a conviction for possession"); *United States v. Sanchez–Mata,* 925 F.2d 1166, 1169 (9th Cir.1991) (noting that "it is well-established that a passenger may not be convicted unless there is evidence connecting him with the contraband, other than his presence in the vehicle") (internal quotation marks and citation omitted). The Government distinguished both cases. First, unlike *Vasquez–Chan,* Defendant had exclusive dominion and control over the drugs in the tractor-trailer, and he was not a mere individual in a home when cocaine was discovered in the house. Second, contrary to the facts here, in *Sanchez–Mata,* the defendant was not

the driver of the car; he did not have keys; and he was not the owner.

The Government contends that the contradictory and implausible stories of the Defendant indicated consciousness of guilt and that his complete dominion and control over the tractor trailer provides ample evidence of knowledge and intent.

In light of the evidence, the District Court's denial of Defendant's Rule 29 motion is upheld and his conviction is affirmed.

**AFFIRMED.**