**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Alfred Francis CHARETTE, Defendant—Appellant.**

**No. 06–30069.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 8, 2007.*

Filed Feb. 16, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Craig W. Haller, Esq., USGF—Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

William F. Hooks, Esq., Helena, MT, for Defendant–Appellant.

Before: GRABER, PAEZ, and BEA, Circuit Judges.

## MEMORANDUM **

Alfred Francis Charette was convicted of aggravated sexual abuse, sexual abuse of a minor, and witness tampering. Charette appeals the conviction for witness tampering, arguing insufficiency of the evidence. He also appeals his sentence, arguing that a two-level enhancement for obstruction of justice was improper and that the sentence was unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

We review de novo the denial of a motion for acquittal based on sufficiency of the evidence. *See United States v. Zakharov,* 468 F.3d 1171, 1180 (9th Cir.2006). We "review the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of [a] case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Cantrell,* 433 F.3d 1269, 1279 (9th Cir.2006) (alteration in original) (internal quotation marks and citation omitted). However, because Charette did

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

1. The parties are familiar with the facts of this case, and we recite them here only as necessary.

---

not object to his sentence enhancement for obstruction of justice, we review for plain error. *See United States v. W. Coast Aluminum Heat Treating Co.*, 265 F.3d 986, 992 (9th Cir.2001).

### I.

■ Viewing the evidence in the light most favorable to the government, we conclude that a rational jury could have found beyond a reasonable doubt the essential elements of witness tampering. A defendant engages in witness tampering if he "intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from ... causing a criminal prosecution, or a parole or probation revocation proceeding, to be sought or instituted, or assisting in such prosecution or proceeding ... or attempts to do so." 18 U.S.C. §§ 1512(d) & (d)(4). Thus, a defendant need not actually prevent a witness from testifying. *See United States v. Willard*, 230 F.3d 1093, 1095 (9th Cir. 2000).

Here, it is undisputed, and the evidence supports the conclusion, that Charette intentionally harassed the victim. Charette argues that the evidence does not show that his conduct was intended to "hinder, prevent, or dissuade" the victim from assisting in the criminal proceedings against him. We disagree. Charette's harassment began only after the victim reported his conduct to the authorities; the direct confrontation between him and the victim occurred after he was interviewed by the FBI. Furthermore, Charette had previously threatened that he would "make [the victim's] life a living hell" if she told anyone about his abuse. A reasonable jury could have found beyond a reasonable doubt that Charette intended to discourage the victim from pressing forward with her claims of sexual abuse against him. We therefore affirm the conviction for witness tampering.

### II.

■ We also conclude that Charette's sentence enhancement under U.S.S.G. § 3C1.1 for obstruction of justice was proper. The application notes specifically give as an example of conduct meriting the enhancement "threatening, intimidating, or otherwise unlawfully influencing a ... witness ..., or attempting to do so." U.S.S.G. § 3C1.1 cmt. n. 4(a). Furthermore, the application notes state that this adjustment "applies to any other obstructive conduct in respect to the official investigation, prosecution, or sentencing of the instant offense where there is a separate count of conviction for such conduct." *Id.* cmt. n. 4. The application notes also require a two-level upward adjustment if the defendant is convicted of both the underlying offense and an obstruction offense, unless the offense level for the obstruction is greater. *Id.* cmt. n. 8. Thus, the same evidence that supported the jury's determination that Charette engaged in witness tampering beyond a reasonable doubt supports the enhancement under § 3C1.1.

### III.

■ Finally, we conclude that Charette's sentence was reasonable. The district court's factual finding that Charette was a serious danger to the community is supported by the record and was proper in light of the nature and circumstances of his ongoing sexual abuse of his victim and his refusal to accept responsibility for his unlawful conduct. The court followed the appropriate procedural steps, gave full consideration to the 18 U.S.C. § 3553(a) factors, and carefully explained the basis for the sentence it fashioned.

AFFIRMED.