**UNITED STATES of America,**
Plaintiff—Appellee,

v.

**Israel HERNANDEZ, Defendant—**
Appellant.

No. 06–10523.

United States Court of Appeals,
Ninth Circuit.

Submitted June 13, 2007 *.

Filed June 26, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

---

Daniel G. Bogden, Esq., Robert L. Ellman, Esq., USLV—Office of the U.S. Attorney Lloyd George, Las Vegas, NV, for Plaintiff–Appellee.

Gregory D. Knapp, Gregory D. Knapp, Esq., Ltd., Las Vegas, NV, for Defendant–Appellant.

Before: GOODWIN, BYBEE, and MILAN D. SMITH, JR., Circuit Judges.

## MEMORANDUM **

Israel Hernandez appeals his jury conviction and 292–month sentence. Because the parties are aware of the facts of the case, we do not recount them here. We affirm.

Hernandez argues that the evidence was insufficient to support his conviction for possession with intent to distribute 1,776 grams of methamphetamine. Where, as

** This disposition is not appropriate for publication and is not precedent except as provid-

here, the defendant fails to move for acquittal at the close of the government's presentation of its case at trial, this court "will review a claim of insufficiency of the evidence only for plain error." *United States v. Tavakkoly*, 238 F.3d 1062, 1067 (9th Cir.2001) (quoting *United States v. Carpenter*, 95 F.3d 773, 775 (9th Cir.1996)). To determine whether the district court erred in this respect we "review the sufficiency of the evidence supporting [the] conviction by examining whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *United States v. Willard*, 230 F.3d 1093, 1095 (9th Cir.2000)).

Ample evidence supported Hernandez's conviction for possession with intent to distribute 1,776 grams of methamphetamine. When the officers executed the search warrant on the home where Hernandez lived, they found a total of $15,275 in cash, a .357 caliber handgun, a digital scale, two 200–gram calibration weights, and, most importantly, 1,776 grams of actual methamphetamine buried in the yard. Hernandez told officers that a supplier had "fronted" the 1,776 grams to him, and stated that he owed his supplier $7,300 per pound for the methamphetamine. Hernandez then explained to the officers how he arranged for his supplier in Mexico to deliver new shipments of methamphetamine to Long Beach, California, where Hernandez would pick up the drugs himself or have them brought from Long Beach to Las Vegas. Therefore, there was no error because sufficient evidence supported Hernandez's conviction for possession with intent to distribute 1,776 grams of methamphetamine.

ed by 9th Cir. R. 36–3.

Hernandez also argues that the district court erred by imposing sentence without granting an acceptance of responsibility reduction under U.S.S.G. § 3E1.1. Because Hernandez did not contest the guideline calculations made in the PSR or detailed during the sentencing hearing, we review this issue for plain error. *See United States v. Rodriguez–Lara*, 421 F.3d 932, 948–49 (9th Cir.2005). Hernandez's confession at sentencing of having made "a wrong choice" is insufficient to satisfy his burden of proving acceptance of responsibility after having denied his guilt throughout the litigation. *See* U.S.S.G. § 3E1.1, app. n. 2; *United States v. Weiland*, 420 F.3d 1062, 1080 (9th Cir.2005).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.