**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 15 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HUY CHI LUONG,
aka Jimmy Luong, Chi Fei,

Defendant - Appellant.

No. 07-10225

D.C. No. CR-96-00350-WBS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted January 19, 2012
San Francisco, California

Before: McKEOWN, CLIFTON, and BYBEE, Circuit Judges.

Huy Chi Luong appeals from his Eastern District of California convictions

for money laundering and the resulting 480-month prison sentence. We affirm the

convictions, but vacate the sentence and remand to the district court for

resentencing.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

I.    Sufficiency of the Evidence

Luong first challenges the sufficiency of the government's evidence. Evidence is sufficient for conviction if, viewed in the light most favorable to the government, "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Tubiolo*, 134 F.3d 989, 991 (9th Cir. 1998) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Luong does not dispute that he received proceeds from the specified unlawful activity ("SUA"), or that he participated in the charged financial transaction, but contends (1) that the government did not prove that the money involved in the charged financial transactions came from the SUA; and (2) that the government failed to prove an attempt to conceal with respect to Count 86.  Neither argument succeeds.

The government presented evidence that Luong received significant proceeds from the Zenon and Centon robberies during the time period of the charged financial transactions.  The government also presented evidence from which a jury could conclude that Luong did not have sufficient income from other sources so as to cover the charged transactions.  Luong's argument that the money could have come from other criminal activity is unavailing, as he did not introduce evidence that he received proceeds from any other robberies during the time period

in question. Considering all of the evidence together, a rational jury could find that the funds used in the charged financial transactions were derived from the Zenon and Centon robberies.

A rational jury could also conclude that Luong intended to conceal the source, ownership, or control of the $5,000 he paid toward the mortgage of a piece of real property. The government produced evidence that the actual owner of the house was Luong, not his parents, whose names were on the deed, as well as evidence that the money came from teller's checks Luong had someone else purchase for him.

## II. Mulitiplicity

Luong next argues that Counts 64-66 are multiplicitious. Charges are multiplicitious if they charge a single offense in multiple counts. *See United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976). Luong contends that the purchase and deposit of two teller's checks constitute a single financial transaction. However, 18 U.S.C. § 1956(c)(3) defines a transaction as including "*a* deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument." 18 U.S.C. § 1956(c)(3) (emphasis added). Each purchase of a teller's

check constitutes a distinct financial transaction, as does a deposit. Therefore, charging the purchases and deposit in distinct counts was not multiplicitous.

III.    Venue

Luong also argues that venue was lacking for Counts 64 and 65, which charged Luong with purchasing teller's checks in Alhambra, California, a city outside the Eastern District of California. Venue must be proper for each count. *United States v. Corona*, 34 F.3d 876, 879 (9th Cir. 1994).

Though venue is usually challenged prior to the start of trial, a venue challenge may be timely raised in a motion for acquittal at the close of the government's case when the defect in venue is not apparent on the face of the indictment. *United States v. Ruelas-Arreguin*, 219 F.3d 1056, 1060 (9th Cir. 2000). Here, however, Luong raised his venue challenge only after the jury returned a guilty verdict. That challenge was untimely. *United States v. Powell*, 498 F.2d 890, 891 (9th Cir. 1974) ("[V]enue may be waived, and where, as here, the objection was not raised until after the jury had returned its verdict of guilty, we find that waiver did in fact occur. A new trial on venue grounds raised after the jury has convicted gives the appellant a second bite at the apple to which he is not entitled under the circumstances here." (citations omitted)). After the defendant has put on his entire defense, the desired benefit is moot. Luong does not offer a

4

reason for the extended delay, nor does he argue that he was prejudiced in any manner. Because the challenge was untimely, we do not reach the merits.

IV.    Sentencing

Finally, Luong challenges his 480-month sentence as procedurally and substantively unreasonable. We vacate the sentence and remand for resentencing, as the record indicates there may have been confusion regarding this defendant's actions and the crimes for which he was being sentenced. The district court's mention of "beatings" at sentencing, when there is no evidence of any beatings in the record, leaves the impression that Luong may have been sentenced based on the facts of crimes in which he was not involved. Reliance on clearly erroneous facts is procedural error that warrants resentencing.

As it does not appear to us that the district judge will be unable to put extraneous facts out of his mind, we do not grant Luong's request to remand to a different judge. We do advise, however, that the district court is to consider all circumstances and subsequent developments on resentencing, including Luong's sentence on RICO charges in the Northern District of California.

**AFFIRMED** in part, **VACATED** and **REMANDED** in part.

5